■ RENE M. LE ROUX, Respondent, v SHEARSON LEHMAN HUTTON, INC., Appellant.—Yesawich, Jr., J. Appeal from that part of an order of the Supreme Court (Brown, J.), entered September 25, 1989 in Saratoga County, which denied defendant's motion to compel arbitration of plaintiff's claims.

Plaintiff worked for defendant, a securities dealer, as a financial consultant from March 14, 1984 until February 11, 1989. Prior to commencing employment, plaintiff executed a U-4 form, said to be a uniform application for securities

industry registration. Plaintiff attested that he read and understood the form, by which he agreed to arbitrate all disputes arising "between [himself] and [his] firm * * * that [are] required to be arbitrated under the rules, constitutions, or by-laws of the organizations with which [he] register[ed], as indicated in Question 8" *(see, e.g., M.I.F. Sec. Co. v Stamm & Co.,* 94 AD2d 211, 215, *affd* 60 NY2d 936). In question 8, plaintiff applied for registration with three self-regulating organizations, including the National Association of Securities Dealers, Inc. (hereinafter NASD), of which defendant is a member.

After leaving defendant's employ, plaintiff commenced this damage action and defendant moved to compel arbitration. Plaintiff, who is now a vice-president of another NASD member firm, cross-moved for judgment by default on the ground that defendant deliberately failed to answer the complaint. Supreme Court denied both motions. In our view defendant's motion to compel arbitration should have been granted.

By the terms of the U-4 form, plaintiff obligated himself to arbitrate all disputes arising between himself and defendant as the rules and bylaws of NASD require. The NASD "Code of Arbitration Procedure" provides for "the arbitration of any dispute, claim or controversy arising out of or in connection with the business of any members of [NASD] * * * between or among members and * * * others". Moreover, any "dispute, claim or controversy eligible for submission * * * arising in connection with the business of such member(s) * * * shall be arbitrated under this Code, at the instance of * * * a member against a person associated with a member".* Plaintiff is clearly an associated person by virtue of his continuous employment with two NASD members; he worked for defendant until February 1989 and is currently employed by Dean Witter Reynolds, Inc.

Furthermore, plaintiff in his lawsuit seeks remuneration for commissions, bonuses and fees for services performed, counsel fees and damages for defendant's asserted willful refusal to pay the indebtedness *(see,* Labor Law § 198 [1-a]), and damages *purportedly* occasioned by defendant's use of his name for trade or advertising purposes without authorization *(see,* Civil Rights Law §§ 50, 51). Each of these claims unquestionably involves defendant's business; accordingly, plaintiff is obli-

---

* The code defines a "person associated with a member" as "any natural person engaged in the investment banking or securities business who is directly * * * controlled by such member".

gated to submit them to arbitration pursuant to the terms of the U-4 form *(see, Matter of Dunay v Weisglass,* 54 NY2d 25, 31; *see also, Flanagan v Prudential-Bache Sec.,* 67 NY2d 500, 503, *cert denied* 479 US 931). Plaintiff's contentions to the contrary lack merit.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to compel arbitration and directed defendant to serve an answer to the complaint; said motion granted; and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.